**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROLAND SCOTT ARGOT, JR. <br> Plaintiff, | CIVIL ACTION NO. 4:24-cv-02157 |
| v. | (Judge Mehalchick) |
| TROOPER PAUL C. BEARD, *et al.*, | (Magistrate Judge Latella) |
| Defendants. | |

**REPORT AND RECOMMENDATION**

## I.    Introduction

Plaintiff Roland Scott Argot, Jr. raises livestock, including sheep, on a rural property located in Lycoming County.  He resides there too. A tenant on the neighboring property has a Blue Heeler/Australian Shepherd mix named Ranger.  The Plaintiff alleges that his neighbor allowed Ranger to roam unrestrained and the dog, who is unlicensed, has a history of entering Plaintiff's property and attacking his sheep. August 31, 2022, was one such occasion.  On that date, Plaintiff says that the dog entered his property "[r]ecklessly out of [c]ontrol and aggressively attacked Plaintiff's sheep."  (Doc. 22, p. 2, ¶ 8).  Plaintiff further alleges that "[w]hile attempting to protect his livestock and

1

secure the animals, Plaintiff lawfully restrained the dog and placed it in a stall in his barn to await authorities." (*Id*. at ¶¶ 8–9). During this process, Plaintiff was bitten by the dog. Plaintiff contacted the Pennsylvania State Police and the Defendant, Paul C. Beard, was one of the troopers who responded. As a result of the incident, several months later, Trooper Beard filed criminal charges against the Plaintiff for theft by unlawful taking (for confining the dog) and cruelty to animals (for allegedly grabbing him and "whipping" him around). Those charges were dismissed by the District Attorney.

This action followed. In Plaintiff's first Amended Complaint, he alleged that Trooper Beard was deliberately indifferent to his medical needs by failing to render assistance after Plaintiff suffered a bite from a potentially unvaccinated dog, minimizing his injuries and discouraging him from seeking medical treatment. (*See* Doc. 5). He also brought claims for retaliation and malicious prosecution. In a Report and Recommendation filed on October 29, 2025, it was recommended that the Plaintiff's deliberate indifference claim be dismissed with prejudice because it was brought outside of the statute of limitations and, because the Plaintiff did not allege a seizure under

2

the Fourth Amendment, that the malicious prosecution claim be dismissed without prejudice and Plaintiff be given the opportunity to file a second amended complaint.[1]  (Doc. 18).  The Report and Recommendation was adopted by Order dated January 5, 2026, and Plaintiff's deliberate indifference claim was dismissed with prejudice and the malicious prosecution claim dismissed without prejudice with leave to amend.  (Doc. 21).  Plaintiff filed a Second Amended Complaint and pending before the Court is Defendant's Motion to Dismiss that Complaint.  (Docs. 22 and 23).  Because Plaintiff has again failed to allege a seizure as required to state a claim for malicious prosecution, it will be recommended that the Second Amended Complaint be dismissed with prejudice.

## II.    Procedural History

This action was originally initiated by the filing of a *pro se* civil rights Complaint, pursuant to 42 U.S.C. § 1983 by the Plaintiff, Roland

---

[1] The Report and Recommendation contained a robust discussion regarding what constitutes a deprivation of liberty in the context of a malicious prosecution claim and Plaintiff was invited to supplement his Complaint with more facts supporting the claim consistent with the law in this Circuit.

Scott Argot, Jr., on December 13, 2024, along with a motion to proceed *in forma pauperis* (IFP).  (Docs. 1 and 2).  The Complaint named Pennsylvania State Police (PSP) Trooper Paul C. Beard, the Borough of Montoursville Pennsylvania, and PSP Barracks F as Defendants.  The IFP Motion was granted by Order dated December 19, 2024.  (Doc. 4).  On January 24, 2025, the Plaintiff filed an Amended Complaint naming only PSP Trooper Beard as a Defendant.  (Doc. 5).  Service of the Amended Complaint was ordered on March 11, 2025.  (Doc. 6).  On May 8, 2025, the Defendant filed a Motion to Dismiss for failure to state a claim.  (Doc. 10).  After the matter was fully briefed, on October 29, 2025, a Report and Recommendation was issued recommending that the Defendant's Motion to Dismiss be granted, in part, and that the Plaintiff be permitted to file a second amended complaint.  (Doc. 22).  The Report and Recommendation was adopted by Order dated January 6, 2026.  (Doc. 21).  Plaintiff filed a Second Amended Complaint on January 21, 2026.  The Defendant filed a Motion to Dismiss and supporting brief on February 4, 2026.  (Docs. 23 and 24).  Plaintiff filed a Brief in Opposition to the Motion and a Motion to Strike on February

4

12, 2026.[2]  (Docs. 25 and 26).  No reply was filed by the Defendant.  The Motion is ripe for consideration.

## III.    Background

This case involves Pennsylvania State Police Trooper Paul C. Beard's response to a dispute between two neighbors over an unrestrained dog.  Plaintiff alleges in his Second Amended Complaint, as he did in his preceding two Complaints, that starting in 2022, his neighbors allowed their dog to "roam at large in violation of Pennsylvania law."  (Doc. 22, p. 2, ¶ 6).  Plaintiff is the owner of a rural property where he both resides and raises livestock, including sheep. (*Id.* at ¶ 5).  Plaintiff alleges that the neighbors' dog has a history of

---

[2] In a document entitled "Motion to Strike Improper Exhibits and Arguments," (Doc. 26), Plaintiff argues that Defendant submitted documents and made arguments that are not proper in the context of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff's Motion is more properly considered as a brief in opposition than a motion to strike. Nothing in Defendant's Motion or brief contains material subject to Fed. R. Civ. P. 12(f).  The exhibits to which Plaintiff refers were not filed by Defendant but rather attached as exhibits to the Second Amended Complaint.  In any event, the analysis herein considers only the allegations in the Second Amended Complaint and matters properly considered in deciding a motion to dismiss, not Defendant's factual assertions made in his brief.  Because the Motion to strike is in substance a brief in opposition to the Motion to Dismiss, it should be denied.

entering his property and menacing his sheep.  He avers that on August 31, 2022, the dog entered Plaintiff's property "[r]ecklessly out of [c]ontrol and aggressively attacked Plaintiff's sheep."  (*Id.* at ¶ 8).  Plaintiff alleges that he "lawfully restrained the dog and placed it in a stall in his barn to await authorities."  (*Id.* at ¶ 9).  He states that he did this in an effort to protect his animals.  (*Id.*).  Plaintiff was bitten by the dog on his left arm during this incident.  (*Id.* at ¶ 10).  The State Police were called, and Defendant Beard was one of the responding troopers.  (*Id.* at ¶ 11).  Plaintiff avers that "[o]n January 27, 2023, the Defendant initiated criminal proceedings against the Plaintiff… charging [him] with Theft by Unlawful Taking – Movable Property (18 Pa.C.S.§ 3921); and Cruelty to Animals (18 Pa.C.S. § 5533)."  (Doc. 22, p. 3, ¶17).  Argot further alleges that the Defendant "omitted material and exculpatory facts known to him" in the police report.  (*Id.* at p. 2, ¶¶ 12–14).  The criminal charges were dismissed by the Lycoming County District Attorney's Office on July 10, 2023.  (*Id.* at p. 3, ¶ 23).

The Second Amended Complaint brings claims pursuant to 42 U.S.C. § 1983 based on false arrest and malicious prosecution as well as state law claims for malicious prosecution and defamation/false light.

Plaintiff seeks compensatory damages for medical expenses, lost livestock,[3] pain, suffering, anxiety, emotional distress and public humiliation.

## IV.   Discussion

### A.  Standard Applicable in Deciding a 12(b)(6) Motion

Rule 8 of the Federal Rules of Civil Procedure states that a claim must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  This requires the Plaintiff to put forth evidence that, "when taken as true, suggest[s] the required elements of a particular legal theory."  *McNeilly v. City of Pittsburgh*, 40 F. Supp. 3d 643, 650 (W.D. Pa. 2014).  The Plaintiff must state "sufficient factual allegations which 'nudge' its claims 'across the line from conceivable to plausible.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 680, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009)).  The

---

[3] It is unclear why Plaintiff seeks to hold Trooper Beard responsible for the damage caused by his neighbors' dog.  The Second Amended Complaint alleges that Plaintiff was bitten by the dog, and his sheep were attacked before the Trooper arrived.  Plaintiff alleges that when the Trooper arrived, the dog was secured, yet he seeks to hold the Trooper responsible for an event that he did not participate in or have the ability to prevent.

purpose is to ensure "fair notice of the factual basis of a claim while raising a 'reasonable expectation that discovery will reveal evidence of the necessary element.'" *Id.* at 651.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This means that a complaint may be dismissed if it does not present sufficient facts to support a plausible claim: "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)).

The court must accept both the Plaintiff's allegations and any reasonable inferences that can be drawn as true and construe them in the light most favorable to the non-moving party. *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). However, it need not accept "'unsupported conclusions and unwarranted inferences, or a legal conclusion couched

8

as a factual allegation.'" *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Reciting the elements that make up a cause of action and supporting them with "mere conclusory statements" is insufficient to give those statements the presumption of truth. *McNeilly v. City of Pittsburgh*, 40 F. Supp. 3d 643, 650 (W.D. Pa. 2014) (citing *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937).

When faced with a motion to dismiss pursuant to 12(b)(6), a court should conduct a two-part analysis: 1) separate the factual and legal elements of a claim; and 2) "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* (internal citation removed). The court may consider facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellab, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). This analysis requires the court to look at the claims on a case-by-case basis and rely both "on its judicial experience and common sense." *McNeilly*, 40 F. Supp. 3d at 650. The court will not be reaching legal conclusions, but instead is merely determining "whether

the plaintiff should be permitted to offer evidence in support of the allegations." *Id.* (citing *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000)).

### B. The Federal Claims

Count I of the Second Amended Complaint brings claims pursuant to 42 U.S.C. § 1983 alleging constitutional violations under the Fourth Fourteenth Amendments, specifically, the "right to be free from False Arrest and Malicious Prosecution." (Doc. 22, p. 5–6, ¶¶ 33–37). The operative facts in Second Amended Complaint relating to this claim are, in essence, the same as those alleged in the first Amended Complaint which was the subject of the October 29, 2025, Report and Recommendation. (Doc. 18). Plaintiff alleges that nearly five months after the Defendant responded to August 31, 2022, incident involving Ranger, he filed criminal charges against Plaintiff including Theft by Unlawful Taking – Movable Property in violation of 18 Pa.C.S.§ 3921 and Cruelty to Animals violation of 18 Pa.C.S. §5533. Plaintiff avers that those charges were later dismissed by the District Attorney. Plaintiff further maintains that he was subjected to a seizure within the meaning of the Fourth Amendment. He asserts that the Defendant's

10

"false statements and actions are willful, intentional and malicious and in reckless disregard of plaintiff's constitutional rights, entitling Plaintiff to punitive damages." (Doc. 22, p. 6, ¶ 37). The malicious prosecution and false arrest claims will be addressed separately.

### 1) Malicious Prosecution

As discussed in the October 29, 2025, Report and Recommendation, (doc. 18),

> [t]o prove malicious prosecution under section 1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Johnson v. Knorr*, 477 F.3d 75, 81–82 (3d Cir. 2007) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).

As in his Motion to Dismiss the First Amended Complaint, the Defendant does not challenge the first two elements but argues that Plaintiff's claim fails on the third, fourth, and fifth elements. (Brief in Support, Doc. 24, p. 24). Defendant asserts that there was probable

cause to charge Plaintiff with both Theft and Animal Cruelty, that he did not act maliciously and that Plaintiff never suffered a loss of liberty that would constitute a seizure under the Fourth Amendment. (*Id.* pp. 12–16). Plaintiff counters that Defendant relies on documents outside of the complaint which should not be considered on a motion to dismiss and that he did indeed suffer a loss of liberty because he was court ordered to be fingerprinted, he had mandatory court appearances and was under threat of arrest for noncompliance. (Doc. 22, p. 6, ¶ 34). Plaintiff argues that "a court-ordered fingerprinting mandate; compelled biometric processing; ongoing criminal prosecution; threat of arrest for noncompliance" are allegations sufficient at the pleading stage to "plausibly establish a deprivation of liberty consistent with a Fourth Amendment seizure." (Plaintiff's Brief in Opposition, Doc. 25-2, p. 4). Each offense will be discussed separately.

### i)    Theft of Movable Property

Under Pennsylvania law, theft of movable property occurs when a person "unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa. Cons. Stat. Ann. § 3921(a). The Second Amended Complaint alleges that it

12

was his neighbor's dog that entered Plaintiff's property, (Doc., 22, p. 2, ¶ 6), and that on August 31, 2022, "[w]hile attempting to protect his livestock and secure the animals, Plaintiff lawfully retained the dog and placed it in a stall in his barn to await authorities." (*Id.* at ¶¶8-9). While the Court "must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom... a court need not credit either bald assertions or legal conclusions in a complaint when deciding a motion to dismiss." *DeBenedictis v. Merrill Lynch & Co.*, 492 F.3d 209, 215 (3d Cir. 2007) (cleaned up). *See also James v. City of Wilkes-Barre,* 700 F.3d 675, 681 (3d Cir. 2012) ("At the motion to dismiss stage, we accept as true all factual assertions, but we disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements.").

The Second Amended Complaint's factual allegations are that Plaintiff "restrained" his neighbor's dog and "placed it in a stall in barn to await authorities." (Doc. 22, p. 2). His assertion that the action was "lawful" and thus precludes a finding of probable cause is a legal conclusion that need not be credited. In addressing these same allegations in the First Amended Complaint, it was concluded in the

13

October 29, 2025, Report and Recommendation, which was adopted on January 5, 2026, that "[t]he statements that Plaintiff himself made in his Amended Complaint that he 'retained' Ranger in a stall are enough to support a probable cause finding on the theft charge." (Doc. 18, pp. 17–18, quoting Doc. 21). The same applies to the allegations in the Second Amended Complaint. Similarly, whether or not Plaintiff may have been able to assert an affirmative defense to the Theft charge at trial – that he held the dog to protect his livestock – does not appear to negate the officer's finding of probable cause. As explained by the United States District Court of the District of New Jersey:

> The Third Circuit has not set out a precise rule for when an officer should consider the possibility of an affirmative defense in making a probable cause determination. Most recently in *Holman v. City of York, PA*, the Third Circuit rejected the district court's categorical holding as a matter of law that "affirmative defenses are not a relevant consideration" in determining probable cause. 564 F.3d 225, 231 (3d Cir. 2009). The Court concluded that an officer need not consider whether the "necessity" affirmative defense justified the arrestee's trespass offense, because determining the defense would "require [ ] an analysis of legal considerations that should not concern an arresting officer," including "countless factual permutations to determine the 'necessity' of specific conduct at a given moment in time." *Id.*; *see also Sands v. McCormick*, 502 F.3d 263, 269 (3d Cir. 2007) (holding that an officer need not consider a statute of limitations affirmative defense in determining probable cause in part

14

because the "application of the limitations period is not a clear cut matter in criminal prosecutions").

*St. Martin v. W. Windsor Twp. Police Dep't*, 753 F. Supp. 3d 369, 388–89 (D.N.J. 2024)

Setting aside whether probable cause existed or not for the Theft of Movable Property charge, however, as fully discussed below, Plaintiff does not allege facts to support his contention that he was subject to a seizure within the meaning of the Fourth Amendment so his claim fails as a matter of law regardless of whether there was probable cause.

### ii)   Animal Cruelty

The statute under which Plaintiff was charged reads: "A person commits an offense if the person intentionally, knowingly or recklessly illtreats, overloads, beats, abandons or abuses an animal."  18 Pa. Stat. § 5533.  Defendant points to matters outside the Second Amended Complaint to support the argument that there was probable cause to support the Animal Cruelty charge.  However, as indicated in the previous Report and Recommendation, considering only the allegations in the Second Amended Complaint and matters subject to judicial notice, it cannot be said that Plaintiff failed to sufficiently allege lack of

15

probable cause with regard to the Animal Cruelty charge. Nevertheless, as discussed below, this claim must fail as a matter of law because the Plaintiff was never subject to a seizure under the Fourth Amendment.

### iii)    The Plaintiff Did Not Allege Facts to Support a Conclusion That He Suffered a Deprivation of Liberty Consistent with the Concept of a Seizure

In recommending dismissal of Plaintiff's malicious prosecution claim as alleged in the First Amended Complaint, it was noted that Plaintiff only alleged that he was subject to fingerprinting and required to attend court proceedings which was insufficient to plead a deprivation of liberty so as to constitute a seizure within the meaning of the Fourth Amendment.  (*See* Doc. 18, p. 22).  It was recommended that Plaintiff's claim be dismissed without prejudice so that Plaintiff could replead in more detail the restrictions that he believed that he was under to support his claim that he suffered a deprivation of liberty. (*Id.*).  That recommendation was adopted and Plaintiff was given an opportunity to replead his claim.  (*See* Doc. 21).  In the Second Amended Complaint, Plaintiff alleges: "As a direct result of De[]fendant's actions, Plaintiff suffered a deprivation of Liberty consistent with a Fourth

Amendment seizure, including: court ordered requirement to submit to finger printing and criminal processing[;] Mandatory court appearances[;] Ongoing restraint on Liberty and Threat of arrest for noncompliance." (Doc. 22, p. 6, ¶ 34). Earlier in the Second Amended Complaint the Plaintiff made similar allegations:

> 18. As a direct result of these charges, Plaintiff was issued a court order compelling him to report for fingerprinting pursuant to 18 Pa.C.S. § 9112.
>
> 19. The finger printing order required Plaintiff to report to the Lycoming County Central Processing Center and submit to biometric processing.
>
> 20. Failure to comply with the fingerprint order would have subjected Plaintiff to arrest and additional criminal penalties.
>
> 21. Plaintiff complied under compulsion of law and was fingerprinted and processed as a criminal defendant, despite having no prior criminal record.
>
> 22. Plaintiff was further required to appear in court and remained subject to ongoing criminal prosecution and the threat of arrest for noncompliance.

(Doc. 22, p. 3). In his Brief in Opposition to the Motion to Dismiss, Plaintiff argues: "a court-ordered fingerprinting mandate; compelled biometric processing; ongoing criminal prosecution; threat of arrest for noncompliance" are allegations sufficient at the pleading stage to "plausibly establish a deprivation of liberty consistent with a Fourth

Amendment seizure." (Doc. 25-2, p. 4). This assertion is inconsistent with the case law in this Circuit, much of which was cited in the October 29, 2025, Report and Recommendation. That analysis will be repeated here.

"A claim for malicious prosecution permits damages for confinement imposed pursuant to legal process. Further, a claim for malicious prosecution seeks to remedy the deprivation of liberty accompanying prosecution, not prosecution itself." *McCormack v. Livergood*, 353 F. Supp. 3d 357, 365 (M.D. Pa. 2018) (cleaned up). In *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005), a case relied on by the Defendant, the Plaintiffs had their convictions in a New Jersey municipal court overturned by an appellate court which held that their conduct as a matter of law did not constitute the crime charged. *Id.* at 600. Plaintiffs then brought suit for malicious prosecution under 42 U.S.C. § 1983 in the United States District Court for the District of New Jersey and prevailed at trial. The Third Circuit reversed, holding that the Plaintiffs were never subjected to a seizure under the Fourth Amendment. The Court reasoned: "DiBella and McLaughlin were only issued a summons; they were never arrested;

18

they never posted bail; they were free to travel; and they did not have to report to Pretrial Services. Their liberty was restricted only during the Municipal Court trials and the Fourth Amendment does not extend beyond the period of pretrial restrictions." *Id.* at 603. In so holding, the Court of Appeals distinguished its previous holding in *Gallo v. City of Philadelphia*, 161 F.3d 217 (3rd Cir. 1998) where the plaintiff "was arrested for arson and posted a $10,000 bond; he was prohibited from traveling outside Pennsylvania and New Jersey, required to contact Pretrial Services on a weekly basis, and required to attend all court hearings including his trial and arraignment." *Id.* at 602.

The Second Amended Complaint does not allege a seizure under the Fourth Amendment. Plaintiff relies on the fact that he was fingerprinted, required to provide biometrics, required to report to court and under threat of arrest if he failed to comply. Yet those very things have been held not to constitute a seizure. *Korman v. Scochin*, No. 3:21-CV-01516, 2026 WL 93832, at *18 (M.D. Pa. Jan. 13, 2026) (requirement to attend hearings insufficient to constitute a seizure under the Fourth Amendment); *Krajkovich v. Borough*, No. 3:22-CV-1912, 2023 WL 6849047, at *5 (M.D. Pa. Oct. 17, 2023) ("Compulsory

attendance at a hearing or trial without more does not rise to the level of an onerous restriction on one's liberty."); *McCormack*, 353 F. Supp. 3d at 365 (rejecting Plaintiff's argument that he "was subject to a seizure because he was subject to bail, had to undergo fingerprinting and processing, forced to take temporary lodging and accommodation so he could attend all court proceedings" and holding that Plaintiff could not "prove that he suffered a deprivation of liberty consistent with the concept of seizure" as a result of the foregoing); *Bristow v. Clevenger*, 80 F. Supp. 2d 421, 429 (M.D. Pa. 2000) (being fingerprinted and photographed and required to attend hearings does not amount to a seizure).

*Laws v. Borough of Lansdale*, No. 24-1562, 2025 WL 1218186 (3d Cir. Apr. 28, 2025), *cert. denied*, 146 S. Ct. 198 (2025) is particularly instructive in this matter. In *Laws*, the Plaintiff and her neighbor endured "more than a decade of acrimony." *Id.* at * 1. In February of 2021, Laws posted a sign in the rear window of her car stating*, inter alia*, that her neighbor was a "convicted, violent drug offender [that] lurks and stalks on Shaw Ave" and made numerous inflammatory statements against him. *Id.* The neighbor summoned the police who

filed two counts of harassment against Laws.  Like the Plaintiff here, Laws was not arrested but required to be fingerprinted, photographed, and required to attend a preliminary hearing.  *Id.* at *3.  The charges against her were ultimately dismissed.  Laws brought suit under § 1983 alleging, *inter alia*, malicious prosecution.  The district court dismissed the claim.  In affirming the dismissal of her malicious prosecution claim, that Court of Appeals stated:

> Turning to the fifth element of a malicious prosecution claim, Laws fails to show that she suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. We have held that pretrial custody and some onerous types of pretrial, non-custodial restrictions constitute a Fourth Amendment seizure. Laws, in contrast, was never in custody nor was she subject to any other burdensome pre-trial restrictions on her liberty. Pursuant to a criminal summons, Laws was required to have her fingerprints and photo taken and appear at her preliminary hearing, but these actions do not rise to the level of an unreasonable seizure by the government under the Fourth Amendment. Under these facts, Laws fails as a matter of law to state a claim for malicious prosecution.

*Id.* at *3 (cleaned up).

Here, Plaintiff alleges – again – only that he was court-ordered to be fingerprinted, undergo biometric processing, attend court hearing and was under a "threat of arrest for noncompliance."  The numerous

cases cited above resoundingly reject the argument that these allegations are sufficient at the pleading stage to plausibly establish a deprivation of liberty consistent with a Fourth Amendment seizure. Plaintiff was fully instructed on the pleading requirements necessary to sufficiently state a claim for malicious prosecution under § 1983.[4] Because the Second Amended Complaint, in substance, sets forth the same claim as in the First Amended Complaint, it too should be dismissed.  However, because Plaintiff was already given an opportunity to amend, instructed on the relevant law, and invited to add facts to support his claim, the malicious prosecution claim should be dismissed with prejudice.

---

[4] The October 29, 2025, Report and Recommendation concluded by stating: "Whether Plaintiff was under restrictions similar to those in *Gallo*, or any restrictions at all that would allow his claim to proceed, cannot be properly determined on the record before the Court.  Perhaps Plaintiff was only subjected to fingerprinting and required to attend hearings, or perhaps his *pro se* Complaint failed to allege relevant facts. Given our Circuit's preference for allowance to amend, Plaintiff's malicious prosecution claim should be dismissed without prejudice with leave to amend."  Although Plaintiff added the legal conclusion that he was subjected to a liberty deprivation, and the assertion that he faced arrest if he failed to comply with the minimal requirements imposed on him, he did not support his claim by alleging additional relevant facts.

### 2. False Arrest

Count I of Plaintiff's Second Amended Complaint brings a claim pursuant to § 1983 for not only malicious prosecution but also for false arrest. This claim fails for the simple reason that Plaintiff, according to his own Complaint, was never arrested. Plaintiff alleges that the incident involving the dog occurred on August 31, 2022. (Doc. 22, p. 2, ¶ 8). He further alleges that "[o]n January 27, 2023, Defendant initiated criminal proceedings against Plaintiff at Docket No. MJ-29303-CR-0000015-2023" charging Theft by Unlawful Taking and Cruelty to Animals. (*Id.* at p. 3, ¶ 17). Plaintiff does not allege that he was arrested or taken into custody of otherwise detained by the Defendant on the date of the incident or anytime thereafter. He simply alleges – as he did in his first two complaints – that as a result of the filing of charges, he was required to be fingerprinted and attend court proceedings.

"Malicious prosecution differs from false arrest inasmuch as '[a] claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more.'" *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir.

2007) (quoting *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998)). A Plaintiff "must plausibly allege [he was] arrested without probable cause to state a claim for false arrest under the Fourth Amendment. False arrest claims cover the time of detention until the issuance of process or arraignment at which point a claim for malicious prosecution would be the appropriate cause of action. An assertion of detention without legal process is therefore essential to maintaining a charge of false arrest." *Krajkovich v. Borough*, No. 3:22-CV-1912, 2023 WL 6849047, at *4 (M.D. Pa. Oct. 17, 2023) (cleaned up).

Plaintiff alleges that process was initiated against him months after the incident.[5] Accordingly, his claim, while not viable, is one for malicious prosecution, not false arrest. He makes no allegations

---

[5] Plaintiff attached the Fingerprint Order that he refers to multiple times in his Second Amended Complaint, as well as the actual Summons for Criminal Case, which clearly indicates his prosecution was initiated by way of summons. (Doc. 22-3). These documents, relied on by Plaintiff and attached to his Second Amended Complaint, support his narrative that prosecution was not initiated until months after his encounter with the Defendant and that he was never arrested. "When considering a motion to dismiss, courts ordinarily consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Spry v. Wayne Mem'l Hosp.*, No. 3:24-CV-00988, 2025 WL 1710240, at *3 (M.D. Pa. June 18, 2025).

supporting detention or any loss of liberty *prior* to the charges against him being filed.  Accordingly, a claim for false arrest fails as a matter of law.

### C.    The State Law Claims

Plaintiff also brings state law claims for Malicious Prosecution (Count II) and Defamation/False Light (Count III). (Doc. 22, pp. 6–7). Where a district court has dismissed all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over state law claims.  28 U.S.C. § 1367(c)(3).  Whether the Court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009).  "That decision should be based on the values of judicial economy, convenience, fairness, and comity.  In the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *KL by & through Locker v. Dunmore Sch. Dist.*, No. 3:24-CV-01461, 2025 WL 2723547, at *13 (M.D. Pa. Sept. 24, 2025) (cleaned up); see also *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that "if the federal claims are dismissed before trial, even though not insubstantial in a

jurisdictional sense, the state claims should be dismissed as well.");

*Brown v. Patel*, No. 3:18-CV-01242, 2019 WL 2502337, at \*6 (M.D. Pa.

Mar. 13, 2019), *report and recommendation adopted*, 2019 WL 3562656

(M.D. Pa. Aug. 5, 2019) (recommending that federal claims be dismissed

pursuant to Rule 12(b)(6) and that remaining state law claims be

dismissed without prejudice).

"Finding nothing in the record to distinguish this case from the

ordinary one, the balance of factors in this case points toward declining

to exercise jurisdiction over the remaining state law claims." *Patel*,

2019 WL 2502337, at \*6.  Accordingly, it is recommended that the state

law claims be dismissed without prejudice.

## V.    Recommendation

Based on the foregoing, it is respectfully recommended that:

1. The Defendant's Motion to Dismiss, (Doc. 23), be **GRANTED** with prejudice as to Count I of the Second Amended Complaint raising claims pursuant to 42 U.S.C. § 1983;

2. The Defendant's Motion to Dismiss, (Doc. 23), be **GRANTED** without prejudice as to Counts II and III of the Second Amended Complaint bringing state law claims;

3. Plaintiff's Motion to Strike, (Doc. 26), be **DENIED,** and;

4. The Clerk of Court be directed to close this case.

Dated:  April 1, 2026          **/s/ Leo A. Latella**
                           Leo A. Latella
                           United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

ROLAND SCOTT ARGOT, JR.
    Plaintiff,

    v.

TROOPER PAUL C. BEARD, *et al.*,

    Defendants.

CIVIL ACTION NO. 4:24-cv-02157

(Judge Mehalchick)

(Magistrate Judge Latella)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the forgoing **Report and Recommendation** dated April 1, 2026.

Any party may obtain review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept,

28

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: April 1, 2026              **/s/ Leo A. Latella**
                                  Leo A. Latella
                                   United States Magistrate Judge