UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROLAND SCOTT ARGOT, JR., | |
| Plaintiff, | CIVIL ACTION NO. 4:24-CV-02157 |
| v. | (MEHALCHICK, J.) |
| TROOPER PAUL C. BEARD, et al., | |
| Defendants. | |

## ORDER

Plaintiff Roland Scott Argot, Jr. ("Argot") initiated this *pro se* action on December 13, 2024, by filing a complaint and motion to proceed *in forma pauperis*. (Doc. 1; Doc. 2). On January 24, 2025, Argot filed an amended complaint against Defendant Trooper Paul C. Beard ("Beard"). (Doc. 5). On January 5, 2026, the Court adopted the first report and recommendation of Magistrate Judge Leo A. Latella and dismissed the amended complaint without prejudice. (Doc. 21). The Court granted Argot leave to file a second amended complaint. (Doc. 21, at 4). On January 21, 2026, Argot filed a second amended complaint alleging three counts against Beard under state and federal law. (Doc. 22). In Count I, Argot alleges Beard is liable under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights. (Doc. 22, at 5-6). In Count II, Argot alleges Beard is liable under Pennsylvania law for malicious prosecution. (Doc. 22, at 6). In Count III, Argot alleges Beard is liable for the Pennsylvania torts of defamation and false light. (Doc. 22, at 6-7).

On February 4, 2026, Beard filed a motion to dismiss. (Doc. 23). On February 12, 2026, Argot filed a motion to strike improper exhibits and arguments. (Doc. 26). On April 1, 2026, Judge Latella issued a second report and recommendation recommending that the

Court 1) grant Beard's motion to dismiss, 2) dismiss Count I with prejudice, 3) dismiss Counts II and III, Argot's state claims, without prejudice to Argot's ability to bring an action in state court, and 4) deny Argot's motion to strike. (Doc. 27, at 27). Judge Latella informed the parties that they had fourteen days to file an objection to the report. (Doc. 27, at 28-29). Neither party filed a timely objection. As such, the Court will **ADOPT** the report and recommendation. (Doc. 27).

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

The Court agrees with the sound reasoning in the report and recommendation and finds no clear error on the face of the record. (Doc. 27). **NOW, THEREFORE, IT IS HEREBY ORDERED** that Judge Latella's report and recommendation (Doc. 27) is **ADOPTED IN ITS ENTIRETY** as the decision of the Court. The Court **GRANTS** Beard's motion to dismiss. (Doc. 23). Count I is **DISMISSED with prejudice**. (Doc. 22, at 5-6). Counts II and III are **DISMISSED without prejudice** to Argot's ability to bring his state claims in a court of appropriate jurisdiction. (Doc. 22, at 6-7). Argot's motion to strike is **DENIED**. (Doc. 26). The Clerk of Court is directed to close this matter.

**BY THE COURT:**

**Dated: April 22, 2026**

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**